IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EFREN CASTILLO, et al.,

    Plaintiffs,

v.                                                                                                                                         No. 2:23-cv-667 WJ/KRS

ANGEL JESUS VILLALBA CORDOVA, and
SHALE RUNNERS, LLC,

    Defendants.

## ORDER TO AMEND NOTICE OF REMOVAL AND TO FILE DISCLOSURE STATEMENT

THIS MATTER comes before the Court sua sponte, following review of the record and the Notice of Removal, filed by Defendants. (Doc. 1). Defendants removed this action to federal court citing diversity jurisdiction. *Id*. at 2. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." When a plaintiff files a civil action in state court over which the federal court would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).

First, Defendants assert that Plaintiffs are residents of and reside in New Mexico, and that Defendant Villalba Cordova is a resident of and resides in Texas. Residency, however, is not

equivalent to citizenship, and Defendants fail to allege the citizenship of Plaintiffs or Defendant Villalba Cordova. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).

In addition, Defendants state that Defendant Shale Runners, LLC is a resident of Texas, is incorporated in Texas, and has its principal place of business in Texas. (Doc. 1) at 2. However, determining the citizenship of an LLC is different from determining the citizenship of a corporation under 28 U.S.C. § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* § 1332(c). An LLC, on the other hand, is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC*, 781 F.3d at 1237-38 (remanding to the district court to determine the citizenship of all the members of the plaintiff limited liability company). The Notice of Removal fails to allege the citizenship of every LLC member of Defendant Shale Runners, LLC. Additionally, Federal Rule of Civil Procedure 7.1(a)(2) requires: "In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must … file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor … when the action is filed in or removed to federal court … ." Fed. R. Civ. P. 7.1(a)(2)(A). Defendant Shale Runners, LLC has not filed such a disclosure statement, so the Court in unable to determine its citizenship.

Accordingly, the Court will give Defendants the opportunity to file an amended notice of removal to allege facts necessary to sustain diversity jurisdiction. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with citizenship,

rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

IT IS THEREFORE ORDERED that **no later than November 15, 2023** Defendants shall amend the Notice of Removal to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.  Failure to do so may result in this case being dismissed without prejudice.

IT IS FURTHER ORDERED that **no later than November 15, 2023** Defendant Shale Runners, LLC shall file a disclosure statement pursuant to Rule 7.1(a)(2).

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE